# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| WILLIE SIMMONS, Register No. 990079, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-4167-CV-C-NKL |
| ) | |
| GOVERNOR MATT BLUNT, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Willie Simmons, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Named defendants are Governor Matt Blunt, Larry Crawford, Dave Dormire, Wendell Enloe, Jay Cassady, C.O. Baslee, C.O. Brad Hall, C.O. J. Bales, C.C.W. Lucreta Bright and Mrs. Talter.

In support of his claims for relief, plaintiff asserts he is exposed to environmental tobacco smoke (ETS) which causes harm to all.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915. Under section 1915, the in forma pauperis statute, the court must dismiss the case if it finds the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Additionally, if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under 28 U.S.C. § 1915(g). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." Id.

Upon review, plaintiff's claims should be dismissed, pursuant to 28 U.S.C. § 1915(g). Plaintiff is a frequent filer of prisoner complaints and has had three or more complaints and/or

portions of his complaint dismissed as frivolous, malicious or for failure to state a claim on which relief may be granted and, therefore, must either pay the filing fee in full or show that he is in imminent danger of serious physical injury in order to proceed with his claims. See Simmons v United States Marshal Service, No. 95-0186 (E.D. Mo. 1995) (frivolous); Simmons v. Day, No. 92-2155 (E.D. Mo. 1992) (frivolous); Simmons v. Boyd, No. 93-0103 (E.D. Mo. 1993) (frivolous); Simmons v. Plaza Redevelopment Corp., No. 93-0995 (E.D. Mo. 1993) (legally frivolous); Simmons v. Pollard, No. 93-2519 (E.D. Mo. 1993) (frivolous).

Plaintiff alleges no serious harm to himself, other than that generally associated with ETS. Plaintiff's instant claims fail to allege that he faces "imminent danger of serious physical injury." Thus, plaintiff's claims should be dismissed, without prejudice, subject to refiling upon payment of the filing fee in full.

Plaintiff also filed a motion for appointment of counsel. It is the practice of this court to provisionally file complaints with requests for leave to proceed in forma pauperis. If the plaintiff is not indigent, or the complaint is frivolous, malicious or fails to state a claim for relief, in forma pauperis status may be denied. It is also the practice of this court not to appoint counsel for plaintiffs until in forma pauperis status has been granted. Then, counsel is appointed only when, in the court's discretion, it is appropriate.

THEREFORE, IT IS ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice [3]. It is further

RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make

specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 10th day of October, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge